[Civ. No. 36595. Second Dist., Div. Four. June 14, 1971.]

MALIBOU LAKE MOUNTAIN CLUB, LTD.,
Plaintiff and Respondent, v.
KENNETH D. SMITH, Defendant and Appellant.

## COUNSEL

Daniel Hon for Defendant and Appellant.

Sheppard, Mullin, Richter & Hampton, John A. Sturgeon and Richard L. Lotts for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—This case is another chapter in the long history of litigation between plaintiff and its members.[1] In the instant case we are, by virtue of a record containing an engrossed statement of facts and a stipulation limiting the issues on appeal, faced only with the problem of construing and applying a by-law of the club.

Defendant Smith had refused to pay the dues and assessments levied against him as a member of plaintiff club. The club brought suit for the amounts claimed to be due; Smith counterclaimed for damages purportedly for the type of conduct discussed in *Tooke* v. *Allen* (1948) 85 Cal.App.2d 230 [192 P.2d 804]. Eventually he paid the disputed dues and assessments. By an amended complaint, the club sought to recover its attorney fees and expenses (a) in prosecuting the original action for delinquent dues and assessments and (b) for defending against the counterclaim. The action went to trial, resulting in a verdict adverse to Smith. The verdict allowed plaintiff $2,000 attorney fees in the collection action, $28,000 attorney fees for defending against the counterclaim, and $1,120 for litigation expenses other than attorney fees. Defendant has appealed from the two attorney fee allowances; he has not here objected to the award for expenses, nor has he contended that the judgment in favor of plaintiff on the counterclaim is improper.

Plaintiff's claim for attorney fees rests on the following provisions of its by-laws:

"Section 6. LEGAL EXPENSES CHARGED TO MEMBERS

"Should any member institute suit against the Corporation, or should the Corporation institute legal action against any member, and should the Corporation be successful or sustained in its position in such legal action,

---

[1]For example: *Malibou Lake Mountain Club, Ltd.* v. *Robertson* (1963) 219 Cal. App.2d 181 [33 Cal.Rptr. 74]; *Starbird* v. *Lane* (1962) 203 Cal.App.2d 247 [21 Cal.Rptr. 280]; *Malibou Lake Mountain Club, Ltd.* v. *Scott* (1964) 2d Civ. No. 27155 (unpublished).

then such member shall be required to reimburse the Corporation for its legal expense incurred, including attorneys' fees, court costs and other expenses necessarily incurred in such proceeding. Such charges shall be billed to the member and payable in the same manner as dues or other charges. This paragraph shall be applicable to all litigation pending at the time of adoption of this paragraph, but only with reference to legal costs and expenses incurred after adoption of this paragraph, and shall not effect [*sic*] the corporation's right to recover legal costs and expenses as otherwise provided by law.

"Section 7. PAYMENT OF CHARGES

"Statements of all charges shall be billed monthly and shall be due immediately and become delinquent if not paid by the 10th of said month. All charges not paid by the 10th of the succeeding month shall be posted upon the bulletin board maintained in the club house, and if not paid by the 20th of the said last mentioned month, the member so posted shall not thereafter be entitled to any of the privileges of the corporate properties, nor to ingress or egress to or from his cabin site until said charges have been paid.

"Section 8. PENALTY FOR FAILURE TO PAY

"Continued failure, neglect or refusal to pay said charges for ninety days from the original due date shall ipso facto constitute proper and sufficient cause for suspension of membership, or expulsion from the club by action of the Board of Directors as provided in Section 12 of this Article IX, and shall further entitle the corporation to commence legal action to enforce payment of the obligation, in which event the delinquent member shall be obligated to pay costs of collection, including attorneys' fees, incurred by the corporation.

"Section 12. TERMINATION BY THE BOARD OF DIRECTORS

"Licensee and Associate memberships may be terminated by the Board of Directors for failure or refusal or neglect of a member to pay within the time herein provided the dues or assessments and/or charges billed to him or for conduct unbecoming a member, or inimicable [*sic*] to the welfare of the club, or for failure to abide by the By-Laws, or the Rules and Regulations, or by the terms and conditions of his license agreement.

"A membership and license may be terminated for the causes recited herein by an affirmative vote of a majority of the Directors; provided however, that no membership shall be terminated for causes other than failure, refusal or neglect to pay dues, assessments or other charges, except after a hearing before the Board of Directors of which the member in question

has been given due notice and opportunity to appear and be heard and then only if there are not more than two votes cast against such termination. In the event that the proposed termination involves a member who is also a director of the corporation such member shall not be considered as a director for the purpose of such termination proceedings and shall not be counted in determining whether or not a quorum is present at such Directors' meeting, or whether or not a majority are in favor of the proposed termination, and shall not be permitted to cast a vote on such termination question."

Although defendant devotes a portion of his brief on appeal to the contention that these by-law provisions are not a contract between the club and defendant, the record shows that he had admitted, in the trial court, that he was bound by them; he may not argue otherwise here.

■ The contentions urged on us, reduced to their essentials, are: (1) that the by-law provisions are void as being against public policy, unfair and unreasonable; and (2) that, in any event, the fees cannot be recovered in this action but must be sought in a separate action, after billing, the lapse of ninety days without payment, and a formal decision to utilize suit rather than suspension of privileges or expulsion. We reject these contentions.

I

The validity of contractual provisions for the payment of attorney fees in case of litigation is too well settled to allow of re-examination at this date. (See, for example, *Heidt* v. *Miller Heating & Air Conditioning Co.* (1969) 271 Cal.App.2d 135 [74 Cal.Rptr. 695], and authorities there cited.)[2] There can be no question that the by-laws, above quoted, apply to any and all litigation between the club and its members, whether sounding in tort or in contract and whether by way of suit, defense, cross-complaint or counterclaim. Appellant, however, argues that, assuming the validity of contracts to pay attorney fees in actions sounding in contract, it is against public policy to allow such a contract in cases of torts. However, we do not deal here with a cause of action quite independent of the basic contractual arrangement between Smith and the club. The counterclaim, admittedly based on the *Tooke* theory, rested upon the alleged breach by the club of the implied covenants attached to Smith's member-

[2] The 1968 amendment of section 1717 of the Civil Code does not apply to a contract, such as herein involved, executed before its effective date. In any event, the revised statute would only have permitted defendant to recover fees had he prevailed; the statute does not invalidate unilateral fee provisions, it merely amplifies them into bilateral agreements.

ship. As such it was clearly within the provisions of section 6 of the by-laws and not against any public policy of which we are aware.[3]

## II

■ The by-laws contain two provisions particularly applicable here. Under section 8, if a member has failed, neglected or refused to pay charges for a 90-day period, the club may sue to enforce the obligation, "in which event the delinquent member shall be obligated to pay costs of collection, including attorneys' fees, incurred by the corporation." This is the typical attorney fee clause familiar in contracts for many years; it has never been doubted that it entitled the successful party to recover attorney fees in, and as part of, the collection action. We are not inclined to change that rule in this case. It follows that the portion of the judgment allowing $2,000 for prosecution of the collection action must be affirmed.

## III

■ Defendant presents a closer question as to the $28,000 award for defending against the counterclaim. He argues (a) that those fees are not shown to have been "incurred" at the time of trial; (b) that, under the by-laws, he was entitled to be billed, take 10 days to pay or not pay,[4] and then be sued only after he was delinquent for 90 days. The argument, while ingenious, fails to persuade us.

(a) While the engrossed statement of facts does not show that plaintiff's counsel had expressly testified that the club was obligated to pay such counsel the amount involved, there was testimony that they had submitted statements to the club in amounts in excess of the verdict, and that the charges so made were reasonable. The jury was instructed that plaintiff had the burden of proving that it "has incurred reasonable and necessary attorney fees." On the record before us, we cannot say that the jury was not entitled to find that fees in the amount awarded had been "incurred" by the club.[5]

---

[3]Cf. *Heidt* v. *Miller Heating & Air Conditioning Co.* (1969) *supra,* 271 Cal.App. 2d 135; *Lucky Auto Supply* v. *Turner* (1966) 244 Cal.App.2d 872 [53 Cal.Rptr. 628].

[4]The record shows that defendant had been billed for the fees in the collection action in September of 1967; the amended complaint was not filed until January of 1969. It follows that the argument here made is, for that reason also, inapplicable to the $2,000 portion of the judgment.

[5]Defendant objects that no formal contract for attorney fees was shown. The amended complaint alleged that fees had been, and would, thereafter, be "incurred"; the answer denied that allegation. As is indicated in the text, that issue went to the jury under proper instructions. If there were no express attorney fee contract, the fact that counsel had been employed had obligated the club to pay, in quantum meruit,

(b) We can see nothing in the by-laws, above quoted, which prevents the club from raising the issue of attorney fees and securing an adjudication as to their amount without a prior billing. In the nature of the obligation imposed on Smith by the by-laws, the amount of fees and costs will be unliquidated until after some kind of judicial action. To adopt Smith's theory would require unnecessary litigation. At the most, sections 7, 8 and 12 would require that, after the club secured its judgment, which liquidated the amounts due, it would be required to list the judgment in its next billing of the member, and then wait the 100 days before levying execution.[6] But, even assuming that construction, the *judgment* was proper. What steps were available for collection is not before us.

The judgment is affirmed; on remand, the trial court shall, in awarding costs on appeal, also award to plaintiff such additional sum as, in its judgment, shall constitute a reasonable fee for the services of its counsel on this appeal.

Jefferson, Acting P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1971.

---

the reasonable value of the services; the evidence supports the verdict as to the amount of such reasonable value. The law requires no more by way of pleading or proof.

[6]We were advised at oral argument that, in fact, the penalties provided for in sections 7, 8 and 12 were never invoked against Smith.