154 F.3d 996
 98 Cal. Daily Op. Serv. 6767, 98 Daily Journal
D.A.R. 9430
Chong Kook KIM; Kum Ju Kim,
Plaintiffs-counter-defendants-cross-defendants-Appellants,
v.
Yong Do KANG, Defendant-cross-defendant-cross-claimant-Appellee,
Jin O. KANG, Defendant-cross-defendant-counter-claimant-Appellee.
v.
UNIVERSAL ESCROW, INC.; Pia Youn, Cross-claimants-Appellees.
v.
Kenny K. KANG; Lisa Y. Kang,
Cross-defendants-counter-claimants-counter-
defendants-Appellees.
v.
U.S. SMALL BUSINESS ADMINISTRATION; Does 1-25,
Cross-defendants-Appellees,
and
Southbay Business Brokers, Inc.; Jim H. Kim,
Cross-defendants-Appellants.
 Nos. 97-55334, 97-55588 and 97-55621.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 1, 1998.
Decided Aug. 31, 1998.
 
 Douglas L. Walsh, Los Angeles, California, for plaintiffs-counter-defendants-cross-defendants-appellants Chong Kook Kim and Kum Ju Kim.
 Tom S. Chun, Bartz, Knuppel & Chun, Irvine, California, for defendants-cross-defendants-cross-claimants-appellees Yong Do Kang and Jin O. Kang and for cross-defendants-appellees Kenny K. Kang and Lisa Kang.
 Raymond M. Sutton, Sherman Oaks, California, for cross-claimant-appellee Pia Youn.
 Elise Louise Lampert, Sherman Oaks, California, for cross-claimant-appellee Universal Escrow, Inc. and for cross-defendants Southbay Business Brokers and Jim H. Kim.
 Tomson T. Ong, Assistant United States Attorney, Los Angeles, California, for cross-defendant-appellee United States Small Business Administration.
 Appeal from the United States District Court for the Central District of California; Richard A. Paez, District Judge, Presiding. D.C. No. CV-94-01856-RAP.
 Before: FLETCHER, D.W. NELSON, and SILVERMAN, Circuit Judges.
 D.W. NELSON, Circuit Judge:
 
 
 1
 Appellants Chong Kook Kim and Kum Ju Kim ("the Kims") challenge a final judgment issued by the district court that distributes funds placed in escrow by the Appellees Kenny Kang, Lisa Kang, Yong Do Kang and Jin O. Kang ("the Kangs") in preparation for their purchase of a liquor market from the Kims. Southbay Business Brokers ("the Broker"), which represented the Kangs in their efforts to purchase the market, also appeals the district court's judgment. It challenges the court's decision not to award it attorney's fees incurred in defending against cross-claims filed by the Kangs. The issues raised on this appeal are discrete: (1) whether the district court had subject matter jurisdiction over the action; (2) whether the court erred in revising earlier rulings regarding the distribution of the escrow funds; and (3) whether the court erred in declining to award attorney's fees to the Broker. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 The Kims owned a liquor store in San Pedro, California, called Harbor Market. Through the Broker, the Kangs offered to purchase the store; and, after some negotiation, the Kims accepted the offer. After taking possession of the store, however, the Kangs came to believe that the Kims had deceived them regarding the store's earnings, and they cancelled the escrow. The Kangs informed the Small Business Administration ("SBA"), which had extended them a loan of $118,000 to finance the purchase, and requested that the SBA withhold final approval of the loan.
 
 
 3
 The SBA contacted Appellee Universal Escrow ("Universal") seeking return of the funds it had lent. At around the same time, the Kims filed a complaint in state court, claiming title to the funds. To resolve these competing claims, Universal filed a cross-complaint in interpleader in state court, which the SBA subsequently removed to federal district court. The Kangs later filed another cross-complaint for damages in tort, naming the Kims, Universal, and the Broker as defendants.
 
 
 4
 The case eventually proceeded to trial on three central claims: (1) the Kims' contract and tort claims against the Kangs; (2) the Kangs' tort claims against the Kims and the Broker; and (3) the interpleader claims among the Kims, the Kangs, and the SBA regarding their respective rights to the escrow fund.
 
 
 5
 At the conclusion of trial, the court stated that it intended to enter judgment in favor of the Kims on the claims between the Kims and the Kangs and in favor of the Broker on the claims brought against it by the Kangs. The court also expressed its intention to enter judgment for the SBA for the amount of its loan to the Kangs and to release the balance of the funds from the escrow account to the Kims.
 
 
 6
 The court reconsidered these decisions, however, ultimately deciding in favor of the Kangs on their claims against the Kims. The court also provided that, after distribution to the SBA, the balance of the funds would be disbursed to the Kangs.
 
 
 7
 The Kims timely appeal.
 
 STANDARD OF REVIEW
 
 8
 We review de novo a district court's decision that it has subject matter jurisdiction over an action. Ma v. Reno, 114 F.3d 128, 130 (9th Cir.1997). Attorney's fees awards are reviewed for an abuse of discretion. Wing v. Asarco Inc., 114 F.3d 986, 988 (9th Cir.1997).
 
 ANALYSIS
 
 9
 I. The district court had subject matter jurisdiction.
 
 
 10
 Upon being notified that the Kangs no longer sought to purchase Harbor Market from the Kims, the SBA sent Universal a letter dated December 1, 1993, requesting the immediate return of "the sum of $118,000 ... which proceeds were conditionally committed to the transaction only upon final execution of the business sale transaction." On January 7, 1994, however, the Kims filed a complaint naming Universal as a defendant and seeking possession of all the funds placed into escrow by the Kangs, including the $118,000 loan from the SBA. Faced with these conflicting claims, Universal filed a cross-complaint in interpleader in Los Angeles Superior Court on February 10, 1994. The cross-complaint named the Kims, the Kangs, and the "U.S. Small Business Administration" as cross-defendants and requested that the court order the cross-defendants "to interplead and litigate their respective rights to the documents, property, and/or moneys held pursuant to the Escrow Agreement."
 
 
 11
 On March 23, 1994, the SBA filed a notice of removal to federal district court. The notice stated, in pertinent part:
 
 
 12
 This action is one which may be removed to the United States District Court because:
 
 
 13
 a. This Court may have federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 634(b)(1), and the action is removable under 28 U.S.C. § 1441(a); and
 
 
 14
 b. This action, when properly brought, is against the Administrator of the Small Business Administration and an action against an officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title, or authority thereto, and is an action removable under 28 U.S.C. § 1442(a)(1).
 
 
 15
 The action was removed, apparently without objection, and Universal Escrow amended its cross-complaint to name the Administrator of the SBA as cross-defendant. After a bench trial, the federal district court noted that it had jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C. § 634(b)(1).
 
 
 16
 On appeal, the Kims challenge the district court's subject matter jurisdiction for the first time. They assert that the court lacked general federal question jurisdiction under 28 U.S.C. § 1331 because the action did not "arise under" federal law--i.e., because the cross-complainants did not allege any federal causes of action. The appellees--the Small Business Administration ("SBA"), the Kangs, and Universal Escrow--argue in response that the district court's jurisdiction was properly established under 15 U.S.C. § 634(b)(1). The appellees contend that § 634(b)(1) applies "because the Escrow Company's action is a suit against the Federal appellee to determine a controversy over the Federal appellee's property (the $118,000)."
 
 
 17
 The plain language of § 634(b)(1) and the case law construing it make clear that the district court's jurisdiction was properly established in this case. The statute specifically states that "jurisdiction is conferred" upon the federal district courts to hear suits by and against the Administrator of the SBA. § 634(b)(1). Accordingly, we have twice held that § 634(b)(1) vests jurisdiction in federal district courts over contract claims against the SBA. See In re Liberty Constr., 9 F.3d 800, 801-02 (9th Cir.1993); Munoz v. Small Business Admin., 644 F.2d 1361, 1364-65 (9th Cir.1981). Although we have not had occasion to construe § 634(b) in an interpleader action, the Seventh Circuit has held that our reasoning in Munoz applies equally well in the interpleader context. See General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 706 (7th Cir.1991). We see no reason to depart from the considered judgment of the Seventh Circuit.
 
 
 18
 Thus, we conclude that the district court had subject matter jurisdiction over the action under § 634(b)(1) and that removal jurisdiction consequently was properly established under 28 U.S.C. § 1441(a).
 
 
 19
 II. The district court did not err in entering a final judgment providing for the disbursement of funds to the Kangs, even though it previously ruled that those funds had passed to the Kims.
 
 
 20
 After removal to federal court, Universal Escrow brought a motion to withdraw from the action on the condition that it deposit all of the funds in escrow with the Clerk of the Court. The district court ordered the escrow funds deposited with the clerk but initially denied Universal's motion because it had yet to resolve claims by the Kims and the Kangs that Universal had handled the escrow negligently. Universal subsequently filed a motion for summary judgment against the Kims and the Kangs, arguing that it had fulfilled its contractual obligations. Universal and the Kangs settled; and, in April 1995, the district court granted the summary judgment motion against the Kims.
 
 
 21
 In the district court's order granting the motion for summary judgment, the court concluded, inter alia, that "[t]itle to the funds in escrow passed to the sellers when the [Department of Alcoholic Beverage Control] completed the liquor license transfer on November 15, 1993, even if all escrow conditions were not then satisfied." In the court's final judgment, however, the court ordered that the balance of the escrow funds, after distribution to the SBA for its loan, would be disbursed to the Kangs. The court provided no explanation for its ultimate decision to disburse the funds to the Kangs, instead of to the Kims, who, according to the court's earlier ruling, held title to the escrow.
 
 
 22
 The parties raise three distinct challenges to the court's final judgment. First, in the Kims' opening brief, they argue that the district court erred in giving the Kangs "a de facto rescission-restoration remedy in complete contradiction to its earlier orders." There is little merit in the Kims' claim that the court erred procedurally by reversing its earlier ruling. Because all of the parties' claims were not resolved until the court's final judgment, the court was not barred from revising its earlier rulings. See Fed.R.Civ.P. 54.
 
 
 23
 The Kims' second argument in their opening brief--that the court "effectively accomplished, sua sponte, an execution of judgment in direct contravention of [Federal Rule of Civil Procedure] 62(a)"--is likewise meritless. Rule 62(a) requires a court to stay enforcement until ten days after a final judgment has been entered. There is no indication that the district court prematurely ordered enforcement in this case.
 
 
 24
 The final challenge to the court's actions is initially raised in one of the appellees' briefs: Universal Escrow seeks reversal of the district court's distribution decision on the ground that it violates § 24074 of the California Business and Professions Code. We decline to consider this argument. In essence, Universal seeks reversal of the district court's decision. Universal, however, is an appellee. It does not designate itself a cross-appellant, and there is no indication that it has complied with any appellate procedural requirements, such as filing a timely notice of appeal. See Fed. R.App. P. 3. Moreover, none of the other appellees, some of whom would be adversely affected by a judgment in Universal's favor on this issue, have had the opportunity to respond to Universal's arguments. It is not even clear that these arguments were raised before the district court. See Inter-Modal Rail Employees Assoc. v. Atchison, Topeka, & Santa Fe Ry. Co., 80 F.3d 348, 350 (9th Cir.1996), vacated on other grounds, 520 U.S. 510, 117 S.Ct. 1513, 137 L.Ed.2d 763 (1997) (acknowledging "well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise in the court below").
 
 
 25
 The Kims incorporate Universal's argument by reference in their reply brief and join in seeking reversal of the district court's judgment on this ground. However, we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992) (citation and internal quotation marks omitted). Where, as here, the appellees most likely to be affected by a decision in the Kims' favor--the Kangs--have not had an opportunity to respond, we conclude that it would be especially unfair for us to consider an argument that was raised for the first time in the reply brief.
 
 
 26
 III. Southbay Business Brokers is not entitled to attorney's fees.
 
 
 27
 On July 14, 1993, the Broker drafted an offer ("the Offer") to purchase the market on behalf of the Kangs. Paragraph 5 of the Offer stated, "In case any litigation is instituted to collect any sum due Broker, the Buyer and Seller, jointly and severally, agree to pay the expenses incurred by the Broker in connection with such suit, including Attorney's fees." The Kangs and the Kims (Buyer and Seller, respectively) subsequently entered into an agreement for the purchase/sale of the market.
 
 
 28
 After the Kims brought their complaint against the Kangs and the other defendants, the Kangs filed a cross-complaint naming the Kims, Universal Escrow, and the Broker as counter- and cross-defendants. The Kangs claimed, inter alia, that the Broker had breached its fiduciary duty, breached the covenant of good faith and fair dealing, and engaged in constructive fraud. The district court ultimately ruled in favor of the Broker on these claims. The district court declined, however, to award attorney's fees to the Broker, relying on Super 7 Motel Assocs. v. Wang, 16 Cal.App.4th 541, 20 Cal.Rptr.2d 193 (1993) ("Super 7"). The Broker now appeals that decision. The Kangs, who are the appellees in this cross-action, argue not only that the district court's decision should be affirmed, but also that this Court should impose sanctions on the Broker for bringing a frivolous appeal.
 
 
 29
 We affirm the district court's decision regarding attorney's fees. Although the Kangs' cross-complaint included a number of tort claims against the Broker, the complaint was not "instituted to collect a sum due Broker," the circumstance to which the attorney's fees clause in the Offer is addressed. The Broker's commission was paid by the Kims long before the Kangs' cross-complaint was filed. Moreover, the case on which the Broker relies, Xuereb v. Marcus & Millichap, Inc., 3 Cal.App.4th 1338, 5 Cal.Rptr.2d 154 (1992), is inapplicable to the instant matter for two reasons: First, the case involved an attorney's fees clause considerably broader in scope than the one at issue in the instant case. See id. at 1340-41, 5 Cal.Rptr.2d 154 (quoting clause, which provides for recovery of attorney's fees "[i]f this Agreement gives rise to a lawsuit or other legal proceeding between any of the parties hereto, including [the Broker]"). Second, the case's actual holding--that parties are authorized to tailor the breadth of attorney's fee clauses in contracts--is not an issue in this case. Thus, the district court did not abuse its discretion in declining to award attorney's fees to the Broker.
 
 
 30
 We also conclude, however, that sanctions are unwarranted. The Kangs' primary basis for seeking sanctions appears to be that the Broker failed to address or even to cite Super 7, which the Kangs claim is exactly on point. Super 7, however, involved a significantly different set of facts. In that case, the relevant clause provided that the "prevailing party" would be entitled to attorney's fees "[i]n any action or proceeding arising out of this agreement." Id. at 544, 20 Cal.Rptr.2d 193. Accordingly, the focus of the court's analysis was whether the broker in the case was a "party" to the agreement. Id. at 546-59, 20 Cal.Rptr.2d 193. Because the clause at issue in the present case makes no reference either to "parties" or to the general agreement between the Kims and the Kangs, Super 7 is inapposite, and the Broker's failure to cite or to distinguish it was not vexatious.
 
 CONCLUSION
 
 31
 For the foregoing reasons, the district court's judgment is AFFIRMED.