Filed 1/17/23 Varney Entertainment Group v. Avon Plastics CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VARNEY ENTERTAINMENT GROUP, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> AVON PLASTICS, INC., <br><br> Defendant and Respondent. | G060870 <br><br> (Super. Ct. No. 30-2017-00958507) <br><br> O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Fred W. Slaughter, Judge. Reversed and remanded with directions.

Foley, Bezek, Behle & Curtis, Roger N. Behle, Jr., Kevin D. Gamarnik, and Jordan A. Liebman for Plaintiff and Appellant.

Klein & Wilson, Mark B. Wilson and Joseph V. Miceli for Defendant and Respondent.

\* \* \*

This is our second opinion in this case. This appeal involves a written endorsement agreement between Avon Plastics, Inc. (Avon) and Varney Entertainment Group, Inc. (Varney) that contains the following attorney fee provision: "In the event of any arbitration or litigation, including breach, enforcement or interpretation, arising out of this Agreement, the prevailing party of such litigation shall be entitled to recover reasonable attorneys' fees, costs, and expenses, including pre-litigation and appellate attorneys' fees and costs." We must determine whether Avon's prior appeal "ar[ose] out of" that agreement so as to entitle Varney, as the prevailing party in the first appeal, to recover its appellate attorney fees.

In the parties' written endorsement agreement, Varney agreed to let Avon use its president's name and likeness in promoting Avon's products for two years in exchange for payment. Midway through the contract term, Avon unilaterally terminated the agreement and stopped issuing payments. Varney sued, asserting claims for breach of contract and for unauthorized commercial use of name or likeness in violation of Civil Code section 3344 (section 3344). Shortly before the trial date, the parties entered into a stipulated judgment in favor of Varney on the contract claim, and Varney voluntarily dismissed its section 3344 claim without prejudice. Avon then moved to recover its attorney fees under section 3344's fee shifting provision and under Code of Civil Procedure section 998 (section 998). The trial court denied Avon's motion, and in our previous opinion, we affirmed that order. (*Varney Entertainment Group, Inc. v. Avon Plastics, Inc.* (2021) 61 Cal.App.5th 222 (*Varney I*).)

On remand, Varney filed a motion to recover the attorney fees it incurred in opposing Avon's unmeritorious appeal, citing the attorney fee provision in the parties' endorsement agreement. The trial court denied that motion, and this second appeal followed. For the reasons explained below, we conclude that the first appeal "ar[ose] out of" the agreement so as to entitle Varney, as the prevailing party in the first appeal, to

2

recover its appellate attorney fees. We therefore reverse and remand for further proceedings.

## FACTS

Our previous opinion described the facts and procedure as follows:

"Jason Varney is a master dock builder and was the star of a cable television show called *Docked Out*. He is also the president and sole shareholder of plaintiff Varney Entertainment Group, Inc. (Varney). Defendant Avon Plastics, Inc., doing business as Master Mark Plastic Products (Avon), manufactures products used to build docks.

"In 2016, Varney and Avon entered into a written endorsement agreement, under which Mr. Varney agreed to promote Avon's brand and products and allow Avon to use his name and likeness for two years in exchange for payment. The contract allowed Avon to terminate the contract early if *Docked Out* was no longer broadcast on television. It also contained a prevailing party attorney fee provision.

"Midway through the contract term, *Docked Out* was cancelled. Avon then unilaterally terminated the agreement and stopped paying Varney. Varney challenged the termination because *Docked Out* reruns remained available for viewing on the Internet.

"In late 2017, Varney filed a complaint against Avon, asserting a single cause of action for breach of contract. The parties litigated the claim for over a year.

"On April 5, 2019, Varney filed a first amended complaint, which alleged that Avon had used Mr. Varney's name and likeness without permission, and which added a cause of action for unauthorized commercial use of name, voice, signature, photograph, or likeness in violation of section 3344.

"Five days later, on April 10, Avon served Varney with a section 998 offer to compromise. . . . [In that offer to compromise,] Avon offered to have judgment

3

entered in Varney's favor in the amount of $250,000, plus statutory costs including attorney fees through the date of the offer (the section 998 offer).

"On April 16, while its section 998 offer was still pending, Avon sent Varney's counsel a letter explaining that Avon was tendering the full amount owed under the contract, plus interest, for a total payment of $191,626.03, and stating that if Varney accepted the tender as satisfaction of the full amount owed under the contract, Avon would stipulate that Varney was the prevailing party on the contract claim so it could seek statutory attorney fees and costs (the second offer).

"Varney accepted the second offer, and Avon wired $191,626.03 to Varney. The parties then filed a stipulation for entry of judgment for Varney in the amount of $191,626.03 on Varney's contract cause of action. The stipulated judgment specified that Varney was the prevailing party on that claim so it could seek statutory costs, including attorney fees.

"Over the next seven weeks, the parties prepared for trial on Varney's remaining section 3344 claim; they engaged in expert discovery and filed various pretrial motions. Varney's damages expert testified at deposition that Varney would be seeking more than $16 million on that cause of action.

"The parties answered ready for trial on June 18. That morning, the trial court granted Avon's pretrial motion for an order declaring that Tennessee law would apply to Varney's section 3344 claim, effectively cutting off Varney's ability to recover statutory damages under section 3344. . . .

"Later that day, just as jury selection was about to commence, Varney orally dismissed its section 3344 claim without prejudice. It later filed a new action against Avon in Tennessee, asserting a claim for unauthorized commercial use of name, voice, signature, photograph, or likeness.

"Both parties subsequently moved for attorney fees and costs. Citing the contract's fee shifting provision and the stipulated judgment on the contract cause of

4

action, Varney argued it was the prevailing party in the overall litigation because it achieved its litigation goals of (1) stopping Avon from using Mr. Varney's name, image, and likeness, and (2) securing payment from Avon for what it owed; thus, asserted Varney, as the prevailing party it was entitled to the $271,244 in attorney fees and the $32,022 in costs it incurred through July 2019.

"Avon argued it was entitled to attorney fees on two grounds. First, citing section 998's cost shifting provision, Avon asserted it was entitled to the $242,808 in attorney fees it incurred after serving its section 998 offer, because Varney recovered only $191,626.03 total, which was less than the $250,000 amount offered in Avon's section 998 offer. Second, citing section 3344's fee shifting provision, Avon claimed it was the prevailing party on the section 3344 claim because Varney dismissed that claim without prejudice; Avon therefore argued it was entitled to the additional $22,690 in attorney fees it incurred on the section 3344 claim before it served the section 998 offer. Avon also sought over $31,000 in costs.

"The trial court granted Varney's motion for fees and costs, finding Varney was the prevailing party on the contract claim [but not the section 3344 claim] and was entitled to $125,000 in attorney fees and $10,000 in costs. [Fn. omitted.] The court denied Avon's motion. It reasoned there was no prevailing party on the section 3344 claim because there was no resolution on the merits, and thus no basis to award fees under section 3344. It also declined to shift costs to Avon under section 998, reasoning that '[b]ecause Avon Plastics is not a prevailing party, the "more favorable judgment" analysis of CCP §998 does not apply.'

"The trial court entered judgment for Varney on the first cause of action, awarding $191,626.03 in damages, $125,000 in attorney fees, and $10,000 in costs, for a total judgment of $326,626.03." (*Varney I, supra*, 61 Cal.App.5th at pp. 226–228.)

Avon appealed, asserting the court erred in denying its motion for attorney fees and costs under Civil Code section 3344 and Code of Civil Procedure section 998.

5

(*Varney I, supra,* 61 Cal. App.5th at p. 228.) Avon did not challenge Varney's entitlement to attorney fees and costs as the prevailing party on the contract cause of action, and Varney did not file a cross-appeal challenging the court's ruling that Varney was not the prevailing party on the section 3344 claim.

We affirmed the trial court's ruling, finding Avon was not entitled to attorney fees or costs under Civil Code section 3344 or Code of Civil Procedure section 998. (*Varney I, supra*, 61 Cal.App.5th at pp. 230–236.) On remand, Varney filed a motion to recover the attorney fees it incurred in successfully defending Avon's appeal, citing (among other things) the contractual attorney fees provision in the engagement agreement. The trial court (a different judge presiding) denied that motion, and this second appeal followed.

## DISCUSSION

The parties' agreement contains the following fee shifting provision: "In the event of any arbitration or litigation, including breach, enforcement or interpretation, arising out of this Agreement, the prevailing party of such litigation shall be entitled to recover reasonable attorneys' fees, costs, and expenses, including pre-litigation and appellate attorneys' fees and costs." Accordingly, we must determine whether Avon's previous appeal qualifies as "litigation . . . arising out of" the agreement so as to entitle Varney, as the prevailing party in Avon's appeal, to recover its appellate attorney fees. The parties agree our review is de novo. (*Colaco v. Cavotec SA* (2018) 25 Cal.App.5th 1172, 1200 ["interpretation of a contract is a question of law we review de novo when, as here, the parties offer no extrinsic evidence on the contract's meaning"].)

Does the agreement's fee provision encompass Avon's previous appeal? "To answer this question, we apply the ordinary rules of contract interpretation. 'Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. (Civ. Code, § 1636.) Such intent is to be

6

inferred, if possible, solely from the written provisions of the contract. (*Id*., § 1639.) The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" (*id*., § 1644), controls judicial interpretation. (*Id*., § 1638.) Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning.'" (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 (*Santisas*).)

The agreement does not define the phrase "arising out of." In common parlance, to "arise" can mean "to originate from a source," "to come into being" (see Merriam-Webster Dict. OnLine (2023) https://www.merriam-webster.com/dictionary/arise [as of Jan. 11, 2023] archived at: <https://perma.cc/VY3W-5ELQ>), or "to result or proceed" from (Dictionary.com Online (2023) https://www.dictionary.com/browse/arise [as of Jan. 11, 2023] archived at: <https://perma.cc/VKG3-XETE>). (See also *Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 187 ['"arising out of" refers to "'"origination, growth, or flow from [an] event"'"]; *Vitton Construction Co., Inc. v. Pacific Ins. Co*. (2003) 110 Cal.App.4th 762, 767 [the '"commonsense meaning"' of '"arising out of" is originating from, growing out of, flowing from, incident to, or having connection with]; *Xuereb v. Marcus & Millichap, Inc*. (1992) 3 Cal.App.4th 1338, 1344 (*Xuereb*) [in "ordinary popular speech," the phrase '"arises out of" is used "in a far more general, transactional sense than is suggested by phrases such as . . . 'proximately caused by'"].)

We must therefore determine whether Avon's appeal seeking statutory attorney fees under Civil Code section 3344 and Code of Civil Procedure section 998 originated from, came into being because of, or resulted from the parties' endorsement agreement. We have not found any published case with similar facts. On balance, however, we conclude that question must be answered in the affirmative.

Were it not for the parties' entry into the endorsement agreement, Avon's early termination of the endorsement agreement, and Avon's subsequent unauthorized use of Varney's name and likeness, Varney would not have filed its lawsuit for breach of contract or unauthorized commercial use of name or likeness. Likewise, Avon would not have incurred any attorney fees in defending against Varney's claims, Avon never would have had occasion to file the previous appeal seeking to recover those attorney fees under Civil Code section 3344 and Code of Civil Procedure section 998, and Varney never would have incurred attorney fees in litigating Avon's appeal.

It is true that Avon's legal basis for seeking its fees on appeal was statutory, not contractual, but in our view that is a distinction without a difference; at the end of the day, Avon's fees were incurred litigating claims that came into being only because of the parties' agreement that Avon would pay Varney for the right to use Mr. Varney's name and likeness in promoting Avon's products, and Avon's subsequent breach of that agreement.

We therefore conclude Varney has established the requisite causal connection between the parties' agreement and Avon's appeal to recover its appellate attorney fees. (See *Xuereb, supra,* 3 Cal.App.4th at pp. 1343–1344 ["It is clear that *but for* the Purchase Agreement by which the allegedly defective property was sold to respondents, the dispute between the parties would not have arisen, [and] respondents would have had no basis" to seek damages for negligence, breach of fiduciary duty, concealment, and misrepresentation].)

Our decision is bolstered by the well-established rule that a contractual provision that awards attorney fees to the prevailing party in any litigation "arising out of" the contract may support a prevailing party fee award in any litigation between the parties, regardless of whether the claim sounds in contract or in tort. (See *Santisas, supra,* 17 Cal.4th at p. 608.) In *Santisas*, for example, our Supreme Court found that a contract provision in a residential purchase agreement allowing the prevailing party to

8

recover its attorney fees in any litigation "'arising out of the execution of [this] agreement or the sale'" entitled the prevailing party to recover fees in an action alleging both contract and tort claims based on alleged defects in the home; as the court put it, all such claims "'ar[ose] out of the execution of th[e] agreement or the sale.'" (*Ibid.* ["If a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims."].) Although not precisely on point, these cases support our broad interpretation of the phrase "arising out of."[1]

As a final matter, Avon contends that Varney is precluded from pursuing any relief here because it failed to appeal the trial court's order on the parties' original cross-motions for attorney fees and the subsequent judgment incorporating that ruling. In that order, the court found the section 3344 claim was "independent" from the breach of contract claim and therefore the two claims for attorney fees must be analyzed separately. The subsequent judgment confirmed there was no prevailing party on the section 3344 claim. According to Avon, Varney's failure to appeal that order and judgment preclude it from now asserting that the contract's fee provision encompasses appellate litigation involving the section 3344 claim.

We are not persuaded. The trial court's 2019 order on the extent to which Varney was entitled to fees incurred in *pretrial* proceedings has no bearing on whether Varney is entitled to fees incurred in litigating Avon's 2021 *appeal*. Neither party was

---

[1] See also *Hemphill v. Wright Family, LLC* (2015) 234 Cal.App.4th 911, 914 [residential lease providing for fee award in "'any action aris[ing] out of . . . tenancy'" encompassed tenant's negligence and strict liability claims against landlord]; *Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1071–1072 [commercial sublease providing for fee award in any action "'arising out of this Sublease . . . concerning the subleased premises'" was broad enough to include noncontract claims, including unlawful detainer action]; *Lerner v. Ward* (1993) 13 Cal.App.4th 155, 159–160 [provision in real estate purchase agreement awarding fees to prevailing party in "any action or proceeding arising out of this agreement" encompassed fraud claim].

9

the prevailing party on the section 3344 claim, either within the meaning of the endorsement agreement or section 3344's fee shifting provision[2] (see *Varney I, supra*, 61 Cal.App.5th at pp. 230-231), because that claim was dismissed without prejudice. But Varney was the prevailing party on both the contract claim and in Avon's subsequent appeal concerning Avon's right to statutory attorney fees under Civil Code section 3344 and Code of Civil Procedure section 998. That warrants an award of appellate attorney fees to Varney under the language of the endorsement agreement. (Contrast *Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, 1102 [party that prevailed in partial appeal but that was not prevailing party in underlying litigation could not recover attorney fees on partial appeal].)

Our focus here is on the language of the parties' agreement: "In the event of any . . . litigation . . . arising out of this Agreement, the prevailing party of such litigation shall be entitled to recover reasonable attorneys' fees, costs, and expenses, including . . . appellate attorneys' fees and costs." We conclude that Avon's previous appeal arose out of the endorsement agreement because it concerned fees incurred in litigating whether Avon breached that agreement and the related question of whether Avon used Mr. Varney's name and likeness without permission. Because Varney was the prevailing party in that previous appeal, the trial court erred in denying Varney's motion for appellate fees.

## DISPOSITION

The trial court's order denying Varney's motion for attorney fees is reversed. On remand, the court is ordered to rehear Varney's motion for attorney fees and consider any relevant issues not addressed in this opinion, including whether

---

[2] Section 3344's fee shifting provision provides that "[t]he prevailing party in any action under this section shall also be entitled to attorney's fees and costs." (§ 3344, subd. (a).)

10

Varney's requested fees were reasonable. Varney is to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.