[No. C021001. Third Dist. Aug. 28, 1996.]

PAT M. CHILDERS et al., Plaintiffs and Appellants, v.
BOBBIE EDWARDS et al., Defendants and Appellants.

**[Opinion certified for partial publication.¹]**

[1]This opinion is certified for publication except for part 1 of the Discussion. (Cal. Rules of Court, rules 976(b) and 976.1.)

## COUNSEL

Thompson & Heller, Donald O. Spaulding and Stephen L. Ramazzini for Plaintiffs and Appellants.

Eric O. Larsen, John W. Gibson and Howard J. Stagg IV for Defendants and Appellants.

## OPINION

**DAVIS, Acting P. J.**—In this fraud action arising from the purchase of a residence, the plaintiffs Pat and Kathryn Childers (the buyers) appeal, while the defendants Richard and Valerie Vagg (the sellers) and the defendants Bobbie Edwards and TRI Realtors (the Realtor) cross-appeal. (The term "the defendants" will refer to all of the defendants collectively.)

In their appeal, the buyers contend the trial court erroneously granted the defendants' motion for judgment. (Code Civ. Proc., § 631.8; all further references to undesignated sections and subdivisions will be to the Code of Civil Procedure unless otherwise noted). The trial court found the defendants had misrepresented the flooding and drainage problems on the property, but determined the buyers had failed to prove they were damaged. We conclude the trial court properly granted the defendants' motion for judgment.

In their cross-appeals, the defendants contend they were the "prevailing parties" by definition and were entitled to contractual-authorized attorney fees as costs as a matter of right pursuant to sections 1021, 1032, subdivisions (a)(4) and (b), and 1033.5, subdivision (a)(10)(A) (section 1032, subdivision (a)(4) defines "prevailing party" to include "a defendant as against those plaintiffs who do not recover any relief against that defendant"). We agree, concluding that buyers failed to "recover any relief against" the defendants. We publish this portion of our opinion.

Consequently, we affirm the judgment but reverse the order denying the defendants' motions for attorney fees.

### BACKGROUND

The buyers sued the defendants for misrepresenting the flooding and drainage problems on a 1.3-acre residential property the buyers bought in Elverta. These misrepresentations came from an oral statement by one of the sellers, Richard Vagg; and the real estate transfer disclosure statement (the disclosure statement), which stated that sellers were not aware of any flooding, drainage or grading problems. (Civ. Code, § 1102 et seq.)

The buyers had sued for breach of contract, fraud, negligent misrepresentation, suppression of fact and negligence. But they voluntarily proceeded to trial only on the fraud and negligent misrepresentation theories.

After the buyers had presented their evidence in this court trial, the defendants moved successfully for judgment under section 631.8. The trial court found the defendants had misrepresented the flooding and drainage problems, but concluded the buyers had failed to prove out-of-pocket damages.

Defendants then moved for their attorney fees as prevailing parties under the real estate purchase contract. Defendants cited Civil Code section 1717 as well as sections 1021, 1032, subdivisions (a)(4) and (b), and 1033.5, subdivision (a)(10)(A). The trial court denied the defendants' attorney fee requests, finding that neither the buyers nor the defendants had prevailed. The court again noted the defendants had misrepresented the flooding and drainage problems but the buyers had failed to prove damages.

The appeal and cross-appeals then ensued. Other pertinent facts are set forth in the discussion that follows.

## DISCUSSION

### 1. *The Appeal—the Section 631.8 Motion for Judgment**

. . . . . . . . . . . . . . . . . . . . . . . . .

### 2. *The Cross-appeals—The Attorney Fees*

■ The defendants claim the trial court erred in denying them attorney fees. They argue the trial court improperly used equitable considerations under Civil Code section 1717 to determine that no party had "prevailed": the trial court noted the buyers had won on liability, the defendants had won on damages. Defendants assert express statutory language designates them as the "prevailing parties" entitled to attorney fees as costs under sections 1021, 1032, subdivisions (a)(4) and (b), and 1033.5, subdivision (a)(10)(A). We agree.

■ "The determination of the legal basis for an award of attorney fees is a question of law which we review de novo." (*Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595].)

Four statutes are implicated in this attorney fee issue. They are, in pertinent part: Civil Code section 1717: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the

---

*See footnote 1, *ante*, page 1544.

parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Section 1021: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . ."

Section 1032, subdivisions (a)(4) and (b):

"(a) As used in this section, unless the context clearly requires otherwise: [¶] . . . [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not. . . .

"(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Section 1033.5, subdivision (a)(10)(A): "(a) The following items are allowable as costs under Section 1032: . . . [¶] (10) Attorney fees, when authorized by any of the following: [¶] (A) Contract."

The contractual attorney fee provision at issue states: "**Attorney Fees:** In any legal action, proceeding or arbitration arising out of this agreement, whether instituted by or against the **BUYER** or **SELLER,** or the Brokers named herein, the prevailing party(s) shall be entitled to reasonable attorney's fees and costs."

The defendants are correct that Civil Code section 1717 (hereafter, section 1717) does not apply. By its terms, section 1717 "covers *only* contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce *that* contract." (*Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342 [5 Cal.Rptr.2d 154], italics in original (*Xuereb*).) Although the buyers initially sued for breach of contract, they did not go to trial on that basis. Instead, they limited their action to fraud and negligent misrepresentation. Tort-based misrepresentation is not within section 1717's domain. (*Xuereb*, *supra*, at pp. 1341-1342.)

Using section 1021 as a foundation, a line of cases has held that the type of contractual attorney fee provision at issue here is broad enough to authorize a request for attorney fees in a tort-based misrepresentation action arising out of the contract. (*Xuereb*, *supra*, 3 Cal.App.4th at pp. 1342-1343; *Lerner* v. *Ward* (1993) 13 Cal.App.4th 155, 160 [16 Cal.Rptr.2d 486]; *Palmer* v. *Shawback* (1993) 17 Cal.App.4th 296, 299-300 [21 Cal.Rptr.2d 575]; see also *Moallem* v. *Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1831 [31 Cal.Rptr.2d 253].)

Still another decision has applied this line of cases to a misrepresentation action alleging a failure to disclose—in a real estate transfer disclosure statement—problems with flooding, drainage and grading (Civ. Code, § 1102 et seq.), at least where that disclosure statement, like here, was referenced in the underlying contract. (*Adam* v. *DeCharon* (1995) 31 Cal.App.4th 708, 711-712 [37 Cal.Rptr.2d 195].)

█ In light of the legal authority and contractual attorney fee provision noted above, defendants can request attorney fees as costs using sections 1021, 1032 and 1033.5. The real question is whether the trial court, in ruling on that request, had discretion to determine the defendants were not "prevailing parties." Defendants claim they are "prevailing parties" as a matter of law under the definition of "prevailing party" set forth in section 1032, subdivision (a)(4). We agree.

Defendants point to the buyers' failure to prove damages or to obtain any relief against them. Defendants claim they fall within section 1032, subdivision (a)(4)'s definition of "prevailing party" since the buyers did not "recover any relief against" them. This type of prevailing party, note defendants, is entitled to recover costs as a matter of right under section 1032, subdivision (b). Such costs include attorney fees authorized by contract. (§ 1033.5, subd. (a)(10)(A).)

The defendants' argument is well taken. The buyers failed to prove damages or to obtain any other relief against the defendants. █ "Relief" in this sense has been defined generally as "[d]eliverance from oppression, wrong, or injustice. . . . [I]t is used as a general designation of the assistance, redress, or benefit which a complainant seeks at the hands of a court . . . . [In addition to 'monetary relief' noted in section 1032, the term includes, among other remedies,] specific performance, injunction, or the reformation or rescission of a contract. Meir v. Walton [1969] 6 N.C.App. 415, 170 S.E.2d 166, 169." (See Black's Law Dict. (6th ed. 1990) p. 1292, col. 1; see Gifis Law Dict. (1975) p. 175, col. 2.)

█ The buyers were not delivered from oppression, wrong, or injustice. Nor did they obtain any assistance, redress or benefit from the court. In their

complaint, the buyers requested the following relief: compensatory and consequential damages; general and special damages; punitive damages; reasonable attorney fees; and costs of suit. Although the buyers requested much in the way of relief, they failed to prove that part of their case. At the close of their evidence on damages in this court trial, they were thwarted by a motion for judgment. (§ 631.8.)

The buyers seek solace in *Pirkig* v. *Dennis* (1989) 215 Cal.App.3d 1560 [264 Cal.Rptr. 494]. In *Pirkig*, the buyers of a residence sued the sellers and a realtor for negligent misrepresentation regarding the home's condition. The buyers settled with the sellers and then went to trial against the realtor. The buyers prevailed on the issues of liability and damages against the realtor, but obtained no net monetary recovery after the offset of their settlement with the sellers. The trial court found the buyers to be the prevailing parties and awarded them attorney fees as costs under section 1032.

The appellate court in *Pirkig* affirmed. Construing section 1032, subdivision (a)(4), *Pirkig* stated: "The record is undisputed that the jury found [the realtor] liable for negligent misrepresentation of property defects . . . . Prevailing on the issue of liability may be deemed sufficient in itself to determine a prevailing party under the broad definition of section 1032[, subdivision (a)(4), which states, 'When any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court. . . .']." (215 Cal.App.3d at p. 1566; [*Pirkig* then immediately noted that even aside from liability, the buyers prevailed on the issue of damages too].)

If this dicta in *Pirkig* means that a plaintiff who has won *only* the liability phase of a misrepresentation action has obtained nonmonetary relief against the defendant for section 1032, subdivision (a)(4) purposes, we disagree with that dicta.[3] Winning on liability but failing to prove any damages does not result in any benefit to a plaintiff. Proving liability proves only an *element* of a cause of action, not the cause of action itself. One of the elements of a misrepresentation cause of action is damages. (See 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778.)

---

[3]Our concern is only with this dicta as applied here. *Pirkig*'s holding is sound. *Pirkig* held that its buyers, who had prevailed on the issues of liability and damages, could be determined to be prevailing parties under section 1032 even though they failed to obtain a net monetary recovery from the realtor. The buyers in *Pirkig were* awarded damages against the realtor, but in an amount offset by their prior settlement with the sellers. (215 Cal.App.3d at p. 1566.) Their failure to actually recover any money from the realtor was not due to a failure to " 'make out their case'." (*Pirkig* v. *Dennis, supra,* 215 Cal.App.3d at 1567, quoting *Ferraro* v. *Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 52 [162 Cal.Rptr. 238]; see also *Syverson* v. *Heitmann* (1985) 171 Cal.App.3d 106, 113 [214 Cal.Rptr. 581]; *Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 316, fn. 6 [21 Cal.Rptr.2d 284].) The same cannot be said for the buyers here.

If proving only liability equates to obtaining relief for section 1032, subdivision (a)(4) purposes, then the part of section 1032, subdivision (a)(4) that gives a trial court the discretion to determine a "prevailing party" would apply whenever a plaintiff had proved *an element* of its cause of action, thereby "recover[ing] other than monetary relief" against a defendant. Since a plaintiff can usually prove at least one element of even a wretched cause of action, the portion of section 1032, subdivision (a)(4) that defines who is a "prevailing party" (" 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant") would be largely dissipated by the portion of section 1032, subdivision (a)(4) that gives the trial court the discretion to determine who is the "prevailing party" ("When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court. . . .").

The most pointed way to see the fallacy of concluding that a plaintiff who wins on liability but fails to prove damages nevertheless obtains section 1032, subdivision (a)(4) "relief," is to turn the table on our facts. What if the buyers had fallen short of establishing liability against the defendants, but had proven their damages? Can anyone doubt that the buyers in that situation failed to obtain "any relief" against the defendants? We think not.

### DISPOSITION

The judgment is affirmed. The order denying the defendants' motions for attorney fees is reversed. The matter is remanded to the trial court to determine the defendants' reasonable attorney fees at trial. Pursuant to its request, the Realtor is entitled to recover its attorney fees on appeal in a reasonable amount as determined by the trial court. The buyers shall also pay the defendants their non-attorney fee costs on appeal.

Nicholson, J., and Morrison, J., concurred.