Filed 3/26/15  Norlund v. Sohnrey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| RICHARD NORLUND, | C072298 |
| Plaintiff and Appellant, | (Super. Ct. No. 141396) |
| v. | |
| CASEY RENEE SOHNREY, | |
| Defendant and Respondent. | |

Plaintiff Richard Norlund filed this appeal in pro. per. after a jury rendered judgment against him in his action against his neighbor, defendant Casey Renee Sohnrey, for damages resulting from allegations of battery, false imprisonment, and intentional infliction of emotional distress.

The jury rendered a special verdict, finding that although defendant had touched plaintiff with the intent to harm or offend him and without his consent, he suffered no damages as a result of the battery.  The jury found against plaintiff on the causes of action for false imprisonment and intentional infliction of emotional distress.  Judgment was rendered in favor of defendant.  We find no merit to any of the points properly raised by plaintiff, and shall affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

This civil action stems from an incident that plaintiff reported to the county sheriff's department, and for which defendant was charged with misdemeanor battery and vandalism. Defendant pleaded no contest to the vandalism count, and the District Attorney dismissed the battery count. Defendant was granted three years' probation.

The incident occurred around noon on October 28, 2006.[1] According to plaintiff, he had been having problems with children riding dirt bikes near his house, and when he complained to law enforcement he was told to videotape the children for evidence. Plaintiff drove up the road near defendant's property and videotaped a child riding his motorcycle. While plaintiff was in his car at an intersection, defendant, who was the mother of the children, confronted him, began yelling at him, and grabbed his camera. Defendant pulled plaintiff's hair and tried to hit him in the face.

The incident was captured on plaintiff's camera. It showed defendant exit her car and begin yelling at the camera. It showed her attempting to grab the camera and showed her kicking the driver's side of the car. The video was played for the jury.

Defendant told the responding deputy, "I lost it." She said plaintiff had been harassing her and her children, and that he had been videotaping her children. She said she did not know what plaintiff was planning to do with the videos, or why he was videotaping her children. She said she had not hit plaintiff at any time during the incident, but when she tried to grab the camera she accidentally grabbed plaintiff's hair. She said she then kicked plaintiff's car because she was still angry at him.

---

[1] This recitation of facts is derived from a declaration of the responding sheriff's deputy. The recitation of facts in the plaintiff's opening brief is disjointed and unorganized. Plaintiff's development of the facts at trial was likewise disjointed and unorganized. Defendant's brief contains no statement of facts with citation to the record.

One year after the incident, plaintiff filed this civil action in pro. per. His first amended complaint pleaded causes of action for assault and battery (cause of action 1), bodily injury (cause of action 2), vandalism (cause of action 3), attempted second degree strong armed robbery (cause of action 4), attempted grand theft (cause of action 5), false imprisonment (cause of action 6), destruction of the peaceful enjoyment of home life (cause of action 7), intentional infliction of emotional distress (cause of action 8), and injunctive relief (cause of action 9).

The trial court dismissed the ninth cause of action prior to trial on defendant's motion and plaintiff's agreement. The trial court granted defendant's motion for judgment on the pleadings as to the second, third, fourth, fifth, and seventh causes of action, leaving only the first (battery), sixth (false imprisonment) and eighth (intentional infliction of emotional distress) causes of action for trial.

The jury rendered a special verdict. It found that the defendant touched the plaintiff with the intent to harm or offend him, that he did not consent to be touched, that he was harmed by defendant's conduct, and that plaintiff's damages as a result of the battery were zero. The jury found that defendant did not intentionally deprive plaintiff of his freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit, or unreasonable duress. It found plaintiff's conduct was outrageous, but that she had not intended to cause plaintiff emotional distress. Accordingly, judgment was entered in favor of defendant on each of the first, sixth, and eights causes of action. The trial court awarded defendant her costs.

Defendant filed a memorandum of costs with the court totaling $2,026. Plaintiff responded with a motion for new trial and a motion to tax costs, both of which were denied by the trial court.

3

DISCUSSION

I

Issues on Appeal

In light of the relative simplicity of the case, plaintiff's opening brief is lengthy and opaque, leaving this court with the task of discerning precisely what points are raised on appeal. It is the appellant's burden to frame the issues on appeal, show where the superior court erred, and provide proper citations to the record and the case authority. (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913.)

California Rules of Court, rule 8.204(a)(1)(B) provides that each brief must: "State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority . . . ." It has long been held that an appellant's headings must "take the form of propositions, which if sustained would lend substantial support to appellant's request for a reversal of the judgment of the lower court." (*Lady v. Worthingham* (1942) 55 Cal.App.2d 396, 397.) Plaintiff's brief ignores this rule. Of his 45 headings and subheadings, none of which denotes the argument portion of his brief, only six describe a cognizable issue on appeal. The failure to head an argument as required by the California Rules of Court constitutes a waiver. (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4.) Thus, we will consider only those six arguments properly made, and deem any other points intended by plaintiff to be waived.

II

Exclusion of Demonstrative Evidence

Plaintiff's first cognizable heading states: "Trial Court Erred in Denying Plaintiff's Request to Have Defendant Demonstrate to the Jury How She Attempted to Grab Plaintiff's Camera and Accidentally Grabb[ed] his Hair."

Plaintiff, acting as his own counsel, asked defendant to demonstrate how she reached into his car and accidentally grabbed his hair. Defense counsel objected to the

request as irrelevant, since the video of the incident displayed defendant's conduct.  The trial court stated, "The Court is not going to allow that."  Plaintiff then asked defendant to demonstrate how she dented his car door.  Again defense counsel objected, citing relevance.  The trial court sustained the objection.

On appeal, plaintiff's argument to support this claim of error is merely that the evidence was relevant.  He does not explain how the evidence was relevant, and we fail to discern any relevance on our own.

"[R]elevant evidence is defined as evidence 'having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.' (Evid. Code, § 210.)  Evidence is relevant if it tends ' "logically, naturally, and by reasonable inference" to establish material facts such as identity, intent, or motive. [Citations.]' [Citation.]" (*People v. Williams* (2008) 43 Cal.4th 584, 633-34.)

As stated, the action went to trial on three causes of action, battery, false imprisonment, and intentional infliction of emotional distress.  Defendant admitted she touched plaintiff when she reached into his car to grab his camera.  Thus, the demonstration was unnecessary to prove defendant touched plaintiff, since the fact was undisputed.  The demonstration was not relevant to the other elements of battery--intent, consent, harm, or reasonable offense--since the physical demonstration could not have

5

proved any of those elements.[2]  It also had no relevance to the elements of the other two causes of action being tried.[3]

The trial court did not err in excluding the evidence.

III

Intentional Infliction of Emotional Distress

Plaintiff's next cognizable heading states:  "Jury's Verdict Regarding IIED is Contrary to the Facts, and is Therefore Contrary to the Law, and Works a Miscarriage of Justice."  Plaintiff's argument appears to be twofold.  The first argument is that the jury's finding that defendant touched him with the intent to harm or offend him was inconsistent with its finding that she did not intend to cause him emotional distress.  The second is that it was not necessary for the jury to find she intended to cause him emotional distress because her conduct itself was wrongful.

---

[2]  The elements of a cause of action for battery are:  "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching."  (*So v. Shin* (2013) 212 Cal.App.4th 652, 669.)

[3]  False imprisonment "consists of the ' "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." ' "  (*Fermino v. Fedco, Inc.* (1994) 7 Cal.4th 701, 715.)  "The elements of the tort of intentional infliction of emotional distress are: ' "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  . . ." ' "  (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.)

6

As to the first point, there is no inconsistency. " 'It has long been established, both in tort and criminal law, that "the least touching" may constitute battery. In other words, force against the person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark. [Citation.]' " (*People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. 12.) Therefore, it is not inconsistent that the jury found on the one hand that defendant intended "the least touching" when she grabbed plaintiff's camera, but did not intend to cause plaintiff emotional distress by touching him.

As to plaintiff's second point, the only authority plaintiff cites for this novel proposition is *J.C. Penney Casualty Ins. Co. v. M.K.* (1991) 52 Cal.3d 1009, 1021 (*J.C. Penney Casualty Ins. Co.*). This was an action by an insurer to determine the insurer's liability to provide coverage under a homeowner's policy for its insured's sexual molestation of a child. *J.C. Penney Casualty Ins. Co.* interpreted Insurance Code section 533, which provides in part that an insurer is not liable for a loss caused by the willful act of the insured. The argument was made in that case that although the molestation was intentional, the molester had no intent to harm his victim. (*J.C. Penney Casualty Ins. Co.*, at p. 1019.) The court rejected this argument, explaining that section 533 distinguishes between negligent and reckless conduct on the one hand, which is covered by insurance, and intentionally harmful conduct on the other, which is not. (*J.C. Penney Casualty Ins. Co.*, at p. 1020-1021.) It was in this context that the court state: "There is no such thing as negligent or even reckless sexual molestation. The very essence of child molestation is the gratification of sexual desire. The act is the harm. There cannot be one without the other." (*Id*. at p. 1021.)

That case, which concerns the interpretation of a section of the Insurance Code, is not authority for the argument plaintiff makes here, which is that it was unnecessary for plaintiff to prove an element of his cause of action, i.e., that defendant intended to cause

7

him emotional distress (or acted with reckless disregard of the probability that he would suffer emotional distress), but that the outrageous conduct alone was sufficient.

IV

No Trial Continuance Was Warranted

Plaintiff's next cognizable heading states: "Trial Court Erred in Denying Plaintiff's Motion to Continue Trial." Plaintiff argues he presented good cause to continue the trial because he was suffering from depression, and that the trial court was unreasonable in demanding a doctor's letter to that effect.

"A motion for continuance is addressed to the sound discretion of the trial court." (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.) We will uphold the trial court's discretion " 'if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court.' " (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126.)

On May 29, 2012, plaintiff moved ex parte to vacate the June 4 trial date on the grounds he was depressed and suicidal. The case had been pending since October 25, 2007. There is no transcript of a hearing, although one was apparently held because on June 1, 2012, plaintiff filed a declaration stating he could not provide the kind of doctor's letter the court required because when he asked his doctor for such a letter, the doctor "fired" him as a patient, and no other doctor he contacted would provide such a letter without treating him "for a while." Additionally, defendant's opposition to the motion to continue stated that the court had admonished plaintiff at the last two appearances that it would not entertain a request to continue the trial absent sufficient medical evidence.

There is no order in the record denying the motion. In any event, given the length of time the case had been pending, the lateness of the request for continuance, and the absence of any doctor's letter supporting plaintiff's claim of illness, we will not disturb the trial court's exercise of discretion in denying the request to continue the trial.

8

## V

## Award of Costs to Defendant

Plaintiff states the trial court erred in granting defendant's costs. Plaintiff argues he should have recovered costs because he was the prevailing party on the cause of action for battery.

Code of Civil Procedure section 1032, subdivision (b) provides that a prevailing party is entitled to recover costs, except as otherwise expressly provided by statute. Subdivision (a)(4) of that section provides that a prevailing party includes "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." Subdivision (a)(4) further provides that if any party recovers "other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and . . . the court, in its discretion, may allow costs or not . . . ."

A plaintiff who proves liability, but fails to prove any damages or obtain any other relief against the defendant (i.e., specific performance, injunction, or the reformation or rescission of a contract) is not a prevailing party under Code of Civil Procedure section 1032. (*Childers v. Edwards* (1996) 48 Cal.App.4th 1544, 1549-1550.) Thus, the trial court correctly determined defendant was the prevailing party, since the plaintiff did "not recover any relief against that defendant." (Code Civ. Proc., § 1032, subd. (a)(4).)

## VI

## Motion to Tax Costs Properly Denied

Plaintiff's next cognizable heading states: "Trial Court Erred in Denying Plaintiff's Motion to Tax Costs." Plaintiff's argument is that defendant's recovery of costs would constitute a double recovery, since her defense was paid by her insurance company, and that payment of such costs would be against public policy as an indemnification of intentional torts.

9

Plaintiff cites two cases for the proposition that defendant's recovery of costs would constitute a double recovery--*Tavaglione v. Billings* (1993) 4 Cal.4th 1150, 1158-1159 (*Tavaglione*), and *Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 393 (*Imperial Merchant Services, Inc.*).  Neither case is authority for the proposition asserted.  *Tavaglione* held that a plaintiff is not entitled to more than a single recovery for each item of compensable damage, regardless of the number of legal theories advanced. (*Tavaglione,* at pp. 1158-1159.)  Here, there is no damage recovery.  Defendant recovered costs, not damages, and she was statutorily entitled to recover her costs regardless of who was paying for her defense.

*Imperial Merchant Services, Inc., supra*, 47 Cal.4th 381, held that Civil Code section 1719, which provides that a person who passes a check on insufficient funds is liable for a service charge, does not also allow collection of prejudgment interest. (*Imperial Merchant Services, Inc.,* at p. 393.)  Again, the case has nothing to do with costs, and is not relevant here.

Plaintiff also argues an award of costs to defendant is against public policy because it allows indemnification of an intentional tort.  He cites *Aerojet-General Corp. v. Transport Indemnity Co.* (1997) 17 Cal.4th 38.  That case explained that the public policy against indemnity is "embodied in Insurance Code section 533, which provides that an insurer 'is not liable for a loss caused by the wilful act of the insured.' " (*Id*. at p. 84.)  The award of costs to defendant does not violate this policy, because plaintiff's payment of costs does not result in the insurer paying for a loss caused by defendant.

There was no error in denying the motion to tax costs.

VII

Motion to Amend Complaint

Plaintiff's final cognizable heading states:  "The Trial Court Erred in Denying Plaintiff's Motion to Amend.

10

As previously indicated, plaintiff initiated this action on October 25, 2007. On October 6, 2009, when trial was initially set for November 23, 2009, defendant sought leave to amend his complaint to add defendant's husband as a defendant, and to add causes of action for libel, negligent establishment of three nuisances, negligent invasion of the right to be free from nuisances, and negligent infliction of emotional distress.

Defendant objected to the amendment because her husband had not been involved in the sole incident upon which the complaint had been based, because the parties had agreed during the course of the litigation that defendant would omit any affirmative defenses based on claims of negligence if plaintiff would not be seeking to recover on any negligence theories, and because of the lateness of the request.

In denying the motion to amend, the trial court stated:

"This matter is set for trial in less than one month. Because most of the claims proposed to be added by amendment are not directly pertinent to the existing causes of action, and because amendment would be likely to unfairly prejudice the defendant or delay the trial, the motion to amend is denied. Any of these issues can be raised in a later lawsuit, if necessary. As to the negligence claims which plaintiff previously agreed to drop, no reason has been given why plaintiff now wishes to add them."

" ' "[T]he trial court has wide discretion in allowing the amendment of any pleading [citations], [and] as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown. [Citations.]" ' [Citations.] Courts must apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings, up to and including trial, when no prejudice is shown to the adverse party. [Citation.] However, ' "even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial." ' [Citation.]" (*Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746.)

We find no abuse of discretion here. There was no explanation for the long delay in requesting amendment, the trial was scheduled to begin and the amendment would

11

delay trial, the new defendant and some of the causes of action were not based on the same incident, and the parties had agreed not to bring issues of negligence into the matter.

## DISPOSITION

The judgment is affirmed.  Defendant is awarded her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                       BLEASE            , J.


We concur:


     RAYE            , P. J.


     MURRAY          , J.